# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ISMAEL CASTRO-JIMENEZ,<br><br>    Defendant-Appellant. | Case No.: 18-mj-21127-KSC-H<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On August 31, 2018, Defendant Ismael Castro-Jimenez filed a notice of appeal to the district court. (Doc. No. 8.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On August 23, 2018, Defendant was arrested approximately one half mile north of the United States/Mexico border and 25 miles east of the Tecate, California Port of Entry. (Doc. No. 1 at 2.) Defendant stated that he is a citizen of Mexico without any immigration documents which would allow him to enter or remain in the United States legally. (Id.)

On August 24, 2018, the Government filed a criminal complaint charging Defendant with being "an alien, [who] did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section

1325(a)(2)." (Doc. No. 1.) On August 24, 2018, Defendant appeared before the Magistrate Judge and entered a plea of guilty to the single count for violation of 8 U.S.C. § 1325(a)(2) in the complaint. (Doc. No. 3.) During the hearing, Defense counsel objected to the proceedings, specifically that the defendants were unable have a bond hearing and a plea hearing on the same day. (Doc. No. 12 at 8-9.) The Magistrate Judge overruled this objection and explained that the defendants were not entitled to both a decision of a bond hearing and then be presented for a guilty plea on the same day at their initial appearance. (Id. at 14-15.)

The Magistrate then conducted a guilty plea colloquy with Defendant. During the colloquy, defense counsel provided the following factual basis for the guilty plea: "With respect to Mr. Castro, he is an alien who entered the United States at a non-designated place. . . . He was apprehended approximately 25 miles east of the Tecate, California Port of Entry, and approximately one-half of a mile north of the United States/Mexico international border." (Doc. No. 12 at 30-31.) Defendant confirmed that these facts were true. (Id. at 31.) Defense counsel stated that she believed that this factual basis was insufficient. (Id. at 30.) The Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served. (Id. at 45, 58; Doc. Nos. 3, 6.)

The Magistrate Judge entered a final judgment on August 24, 2018. (Doc. No. 6.) On August 31, 2018, Defendant filed a timely notice of appeal. (Doc. No. 8.) See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## **Discussion**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

On appeal Defendant raises two issues. First, Defendant argues that the Magistrate Judge violated Federal Rule of Criminal Procedure 11(c)(1) by improperly adding a condition to her acceptance of Defendant's guilty plea. (Doc. No. 13 at 3, 8-13.) Second, Defendant argues that there was an insufficient factual basis for his guilty plea. (Id. at 3, 14-17.) The Court will address each of these issues in turn below.

I.    **Rule 11(c)(1)**

Defendant argues that the Magistrate Judge violated Federal Rule of Criminal Procedure 11 by improperly adding a condition precedent to her acceptance of Defendant's guilty plea. (Doc. No. 13 at 3, 8-13.) Rule 11(c)(1) provides that: "The court must not participate in [plea] discussions."

Defendant contends that the Magistrate Judge violated Rule 11(c)(1) by offering to accept Defendant's guilty plea at his initial appearance only if he agreed to waive his right to seek bond. (Doc. No. 13 at 8-13.) Defendant's contention is not supported by the record. There is nothing in the record showing that the Magistrate Judge presented any offer of any kind to Defendant regarding his decision to plead guilty or his right to a bond hearing. Specifically, the Magistrate Judge never told Defendant that she would only accept his guilty plea unless he waived his right to a bond hearing. Indeed, there is nothing in the record showing that Defendant ever did waive his right to a bond hearing. Rather, the issue of bail became moot when Defendant pleaded guilty and was sentenced to time-served at his initial appearance.

The record reflects that the Magistrate Judge merely made a scheduling decision in an effort to manage her docket where she would not accommodate a bail determination, a plea hearing, and a sentencing hearing for a defendant all on the same calendar day. (Doc. No. 12 at 14-15.) "[D]istrict courts have inherent power to control their dockets. . . . [A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (internal quotation marks omitted); see Alve v. Montgomery, No. 14-CV-575-BEN JLB, 2014 WL 3950665, at *2 (S.D. Cal. Aug. 11,

2014) ("A magistrate judge has ample discretion to manage his or her docket and control the schedule of briefing in pending matters."). Here, the Magistrate Judge's docket management decision was reasonable and within her sound discretion, particularly in light of the fact that the issue of bond would become moot for any defendant who pleaded guilty and received a time-served sentence at their initial appearance. Further, Defendant has failed to provide the Court with any authority holding that criminal defendants are entitled to both a decision on a bond and a plea hearing on the same calendar day. In sum, Defendant has failed to establish that the Magistrate Judge violated Rule 11.

## II. Factual Basis for Plea

Turning to the second issue in Defendant's appeal, Defendant argues that the Magistrate Judge erred by accepting his guilty plea because there was an insufficient factual basis for the plea. (Doc. No. 13 at 14-17.) Specifically, Defendant argues that the fact that Defendant "entered the United States in a non-designated place" is insufficient by itself to provide a factual basis to support a conviction for violation of 8 U.S.C. § 1325(a)(2). (Id.)

Federal Rule of Criminal Procedure 11(b)(3) provides that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "To satisfy this requirement, [t]he judge must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." United States v. Jones, 472 F.3d 1136, 1140 (9th Cir. 2007) (internal quotation marks omitted).

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (2) eludes examination or inspection by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325(a)(2). The Ninth Circuit has explained that a defendant eludes inspection under § 1325(a)(2) when he gains entry into the United States through an unlawful point and does not submit to examination at the time of the entry. United States v. Rincon-Jimenez, 595 F.2d 1192, 1193–94 (9th Cir. 1979).

In present case, defense counsel provided the following factual basis for his guilty plea: "With respect to Mr. Castro, he is an alien who entered the United States at a non-designated place. . . . He was apprehended approximately 25 miles east of the Tecate, California Port of Entry, and approximately one-half of a mile north of the United States/Mexico international border." (Doc. No. 12 at 30-31.) Defendants argues that the bare fact that he "entered the United States at a non-designated place" is insufficient to provide a factual basis for violation of § 1325(a)(2). Defendant is incorrect.

Under Ninth Circuit precedent, a defendant eludes inspection under § 1325(a)(2) when he gains entry into the United States through an unlawful point and does not submit to examination at the time of the entry. Rincon-Jimenez, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (finding that the defendant "eluded" inspection "by traversing the beach between Tijuana and San Ysidro late at night" and by not entering "at an officially designated border checkpoint"). Thus, the factual basis provided in support of Defendant's guilty plea, which included the fact that Defendant entered the United States at a non-designated place, was sufficient. See United States v. Sierra-Chavez, No. 18MJ3585 WQH, 2018 WL 3993368, at *3 (S.D. Cal. Aug. 21, 2018) ("Defendant's admission that he eluded examination by entering the United States at a time and place other than as designated by immigration officers is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer."); United States v. Choy-Timana, No. 18MJ3200 AJB, 2018 WL 4092125, at *3 (S.D. Cal. Aug. 28, 2018) ("Defendant's admission that he crossed the international border intentionally somewhere near the Tecate Port of Entry is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer."); United States v. Castro-Bernal, No. 18-MJ-3274 WVG DMS, 2018 WL 4292984, at *2 (S.D. Cal. Sept. 10, 2018). As such, Defendant has failed to establish that the Magistrate Judge erred in accepting his guilty plea.

///

///

## **Conclusion**

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: November 16, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT